United States Courts
Southern District of Texas
FILED

JAN 28 2022

Nathan Ochsner, Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| FLOYD WALLACE<br><br>*Plaintiff,*<br>vs.<br><br>HEATHER TAYLOR, in her individual and official capacities,<br>JAMES HARTLEY, in his individual and official capacities,<br>BRANDON LOPEZ in his individual and official capacities, and<br>TYSON HAMILTON, in his individual and official capacities,<br>CITY OF TOMBALL,<br><br>*Defendants,* | Case No.:<br><br>Plaintiffs Original Complaint for Civil Rights Violations under USC Title 42 § 1983<br><br>EXHIBITS 1-4 attached hereto and incorporated herein<br><br>Jury Trial Demanded Herein |

**PLAINTIFFS' ORIGINAL COMPLAINT
FOR CIVIL RIGHTS VIOLATIONS**

TO THE HONORABLE JUDGE OF SAID COURT:

**COMES NOW**, Plaintiff, Floyd Wallace, in *propia persona* in the above-titled cause, hereby file this, his Original Complaint for Civil Rights Violations under U.S.C. 42 § 1983 for deprivation of certain of his guaranteed and protected civil rights relating to the 1st, 4th, and 14th Amendments.

## I. INTRODUCTION AND OPENING STATEMENT

1. This is an action brought by Plaintiff, Floyd Wallace, against certain police officers, acting as agents of the state in their respective roles and in their individual capacities, and the municipality by which they are employed. These Defendants who, while acting under the color of law, did interfere with, deter, suppress, or otherwise breach certain rights of Plaintiff guaranteed and protected by the Federal Constitution. These rights specifically and particularly include those rights secured by the 1st, 4th, and 14th Amendments.

2. These defendants as alleged in the foregoing, interfered with Plaintiff's clearly established right to be present in and to record in public, subjected him to an unreasonable seizure of his person by means of a bad arrest, unreasonably made seizure of his property, i.e. his recording device and his wallet, and a pursued a malicious prosecution against him absent probable cause, all in violation of clearly established law.

## II. JURISDICTION AND VENUE

3. Causes of Action of this complaint arise under 42 U.S.C. §1983 (Civil Action for Deprivation of Rights). The jurisdiction of this court is founded on federal question jurisdiction, 28 U.S.C. §1331 and this court also has original jurisdiction pursuant to 28 U.S.C. §1343.

4. Venue is proper because all events giving rise to Plaintiffs' causes of action occurred within this district, as provided in 28 U.S.C. § 1391(b)(2).

## III. PARTIES

### A. Plaintiff

5. Plaintiff FLOYD WALLACE, hereinafter "WALLACE", at all times relevant herein, suffered injury while in this District in the City of Tomball, Texas.

### B. Defendants

6. Plaintiff is informed and believes that Defendant, Brandon Lopez, hereinafter "LOPEZ", was a sworn peace officer, badge #887, employed by defendant City of Tomball, and at all times relevant to this complaint, was acting as an employed, compensated, enriched and rewarded employee for City of Tomball. LOPEZ is being sued in his individual and official capacities.

7. Plaintiff is informed and believes that Defendant, Heather Taylor, hereinafter "TAYLOR", was a sworn peace officer, badge #592, employed by defendant City of Tomball, and at all times relevant to this complaint, was acting as an employed, compensated, enriched and rewarded employee for City of Tomball. TAYLOR is being sued in her individual and official capacities.

8. Plaintiff is informed and believes that Defendant, JAMES HARTLEY, hereinafter "HARTLEY", was a sworn peace officer, badge #969, employed by

defendant City of Tomball, and at all times relevant to this complaint, was acting as an employed, compensated, enriched and rewarded employee for City of Tomball. HARTLEY is being sued in his individual and official capacities.

9. Plaintiff is informed and believes that Defendant, TYSON HAMILTON, hereinafter "HAMILTON", was a sworn peace officer, badge #946, employed by defendant City of Tomball, and at all times relevant to this complaint, was acting as an employed, compensated, enriched and rewarded employee for City of Tomball. HAMILTON is being sued in her individual and official capacities.

10. Plaintiff is informed and believes that Defendant CITY OF TOMBALL, TEXAS, hereinafter "TOMBALL", is an incorporated municipality within Harris County in the State of Texas, and can be sued as such person specific to this lawsuit.

## IV. GENERAL FACTUAL ALLEGATIONS

11. On February 21, 2021, at approximately 6:00 p.m. was openly wearing his body cam video recording device and recording the exterior of the Tomball Police Department, located at 4701 Market Street in Tomball, Texas. WALLACE, who happens to be of African American decent, made use of his body camera and his cellphone to record as he walked around and through the public parking lot areas and easements around the Tomball Police Station.

12. As WALLACE was approaching the end of the building defendant TAYLOR pulled up in a Tomball Police Department SUV with her lights activated approximately 50 feet behind WALLACE. WALLACE was the only person present in the area. TAYLOR exited her vehicle and initiated contact with the plaintiff (Exhibit 1 at 04:29-05:00), by calling out to WALLACE. TAYLOR stated "Hey man, get over here. Come here. Come here. I want to talk to you. Come here. Come here. Come over here and talk to me. What are you doing over here? What are you doing behind the Police tower?"

13. As TAYLOR was calling out to WALLACE, she was approaching him and WALLACE remained stationary. TAYLOR then called in on her body worn radio, verbally described WALLACE and asked for backup. WALLACE then stated he was going to "Turn his camera on now", his cell phone, and then he began recording with this device.

14. TAYLOR, who was about 25-30 feet from WALLACE stated that she was recording, as well. WALLACE then looked slightly to the left and observed another officer, T. HAMILTON, badge #946, walking along the side of the building towards WALLACE. HAMILTON stopped within approximately 25 feet of WALLACE. TAYLOR asked WALLACE what he was doing back by the Police tower and then stated to HAMILTON that WALLACE was just trying to "Bait them". WALLACE stated "Ain't nobody trying to bait you" and then began walking away from TAYLOR while continuing to record.

15. At about this time, WALLACE heard the siren of a police car, (Exhibit 1 at 5:37 – 5:45) turned and observed another Tomball Police Department SUV with lights and siren activated, driving towards him at an excessive speed.

16. WALLACE stated "I don't have time for this shit. I'm out" and began to walk on the sidewalk away from TAYLOR and HAMILTON and in the general direction of this other vehicle. Defendant LOPEZ, at about this time, with emergency lights and siren activated, sped down the street, and pulled over and in front of WALLACE. LOPEZ then parked the SUV and quickly exited the cruiser, and stated to WALLACE, "Hey, get down, bro', What you doing? WALLACE stated that he was not going to get down and continued walking to avoid any further encounters. LOPEZ walked towards and directly in front of WALLACE obstructing his path thereby preventing WALLACE from walking past LOPEZ. WALLACE at this point was told that he was being detained.

17. WALLACE asked LOPEZ why he was being detained and LOPEZ stated that "I don't know, I heard you ran from one of my officers." At that point, WALLACE, all the while recording, turned around and observed TAYLOR and HAMILTON approaching him from behind. TAYLOR stated "All we want to know is what you were doing". WALLACE stepped away from the 3 officers stating that he did not want to be surrounded.

18. TAYLOR stated to LOPEZ that WALLACE was "creeping around behind the police tower crouching down right by it and as soon as he saw me, he

fucking bolted." TAYLOR then asked WALLACE, "So, what are you doing around our property?" LOPEZ immediately asked WALLACE, "Are you damaging our property, man? What were you doing behind there? Put your hands behind your back." LOPEZ then handcuffed WALLACE. Simultaneously, TAYLOR stated that we have reason to detain WALLACE and "ID him".

19. LOPEZ, as he was handcuffing WALLACE, then told him that he was being detained for an investigation. LOPEZ then took WALLACE's phone which he was using to actively record the encounter, as WALLACE repeatedly protested "Don't take my phone! You don't have a right to take my phone." WALLACE observed LOPEZ deactivate the recording feature on his phone and then place WALLACE's phone/recording device on the hood of the SUV. At about this time Richard Kerley, a private citizen, began walking to the schene and walked to about 40 feet from this encounter and began recording, see Exhibit 1 at 10:15-33:52 and Exhibit 2.

20. LOPEZ, TAYLOR, and HAMILTON repeatedly demanded that WALLACE provide them with a physical ID. WALLACE repeatedly stated to the officers that he was not required to provide any identifying information unless he was under arrest per Texas Penal Code 38.02. Further, Plaintiff wanted to know why he was being detained. TAYLOR stated that he was being detained for investigation. LOPEZ stated that WALLACE was being detained

"for criminal mischief for one of our towers". WALLACE disagreed and LOPEZ stated that "all I have to prove is a suspicious person with suspicious circumstances". WALLACE was then patted down and forced onto the ground where he was directed to sit.

21. WALLACE told these 3 defendants that he was engaging in the constitutionally protected activity of video recording and that they were violating his rights. WALLACE further told the officers that their conduct was being recorded and livestreamed via his body camera. WALLACE did not want to sit on the cold damp grass said he wanted to stand, and as he began to stand, LOPEZ and HAMILTON pushed WALLACE back onto the ground. WALLACE stated that he was not LOPEZ' dog and did not want to sit on the ground. At about this time, two additional officers, including J. HARTLEY, drove up onto the scene and covered, stood over, WALLACE.

22. TAYLOR was talking to someone on her cell phone allegedly in the District Attorney's office, when she told HAMILTON and HARTLEY "Only take the wallet and only take the ID" (Exhibit 1 at 14:14 – 14:17). LOPEZ then told HAMILTON and HARTLEY, to stand WALLACE up and search for his wallet so that they could ID him. WALLACE was physically lifted up to a standing posture by these two officers who began reaching into his pockets. WALLACE repeatedly stated in protest for them to stop searching his person and his pockets as he did not consent to any searches and seizures. WALLACE

repeatedly protested that he did not consent to any searches and seizures to these officer to no avail. HART and HAMILTON concluded after their thorough search of WALLACE that he did not have a wallet on his person (Exhibit 1 at 14:11-14:52).

23. WALLACE as he was forced back onto the ground, continued to state that he does not consent to searches or seizures. HAMILTON stated to WALLACE, "Well, we didn't seize anything" because they could not find his wallet (Exhibit 1 at 15:13-22), and that they wanted to search his wallet "for evidence of ID". HAMILTON stated to WALLACE that he did not believe that taking someone's wallet off of their person to get their ID was a seizure. When WALLACE stated to HAMILTON and HARTLEY that he did not have to identify according to TCP 38.02, HAMILTON asked "what is that?"

24. Later, LOPEZ returned and told WALLACE that TAYLOR stated that one of the tires on the police tower looked as if it was not at the proper inflation, therefore she believed that WALLACE had deflated the tire and was evading the police and failed to identify when he would not engage her. LOPEZ then told WALLACE that TAYLOR was speaking with the DA, so that they could bring criminal charges against WALLACE. At this point, WALLACE, in hopes of avoiding the arrest, then verbally provided his name, birthdate, and address to the officers (Exhibit 1 at 23:00-23:22).

25. After WALLACE was picked up from the ground, TAYLOR told WALLACE that he was being placed under arrest and criminally charged with evading a police officer and failing to identify himself. HAMILTON, LOPEZ, and TAYLOR escorted WALLACE to TAYLOR's SUV completed a search and seizure of all property on his person. At the time of this arrest and subsequent to him being taken into custody, WALLACE was not "Mirandized" by TAYLOR or any other officer present.

26. As TAYLOR was transporting WALLACE in the police cruiser, WALLACE's body camera continued recording. WALLACE told TAYLOR that he did not deflate anyone's tire nor did he touch anyone's property. He was simply exercising his first amendment right to record in public. TAYLOR stated to WALLACE, "Well, see, obviously I was trying to find out what was going on, and if you would have just told me that you wouldn't be in this situation". Even after having knowledge of the aforementioned, absence of any criminal activity, TAYLOR proceeded with the arrest charging of WALLACE.

27. TAYLOR brought WALLACE to where he was temporarily held at the City of Tomball Police Department and then later transferred to the Harris County jail in Houston, Texas. LOPEZ charged WALLACE with evading arrest and failure to identify himself, see Exhibit 3.

28. On 2/22/21 at the probable cause hearing, Criminal Law Hearing Officer, Lionel J. Castro, after reviewing the facts and the charges brought by the State

against WALLACE, stated "I am going to find, that there is not sufficient probable cause for this charge against you to go forward". WALLACE was then immediately released by the court. See Exhibit 4 at 00:00 – 02:15.

## V. CAUSES OF ACTION

### CAUSE I
### (42 U.S.C. § 1983; 4th Amendment- Unreasonable Seizure)

29. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 28 above and incorporates the same as if set forth in full.

30. TAYLOR and LOPEZ knew or should have known that they did not have probable cause sufficient to justify the seizure of WALLACE yet they chose to do so.

31. In so doing, TAYLOR and LOPEZ violated Plaintiff's rights relating to the 4th Amendment to be free from unreasonable searches and seizures and did so with deliberate indifference.

32. As a direct and proximate consequence of the acts of this Defendant, WALLACE has suffered and continues to suffer injury therefrom and is entitled to recover damages accordingly.

### CAUSE 2
### (42 U.S.C. § 1983; 4th Amendment- Unreasonable Seizure)

33. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 32 above and incorporates the same as if set forth in full.

34. HAMILTON and HARTLEY knew or should have known that by searching WALLACE beyond a *Terry* frisk and absent arrest, valid warrant, or other valid cause, for his wallet specifically for the purpose of finding a form of identification violated Plaintiff's protected 4th Amendment right to be free from unreasonable searches.

35. In so doing, these Defendants violated Plaintiff's rights relating to the 4th Amendment and did so with deliberate indifference.

36. As a direct and proximate consequence of the acts of these Defendants, WALLACE has suffered and continues to suffer injury therefrom and is entitled to recover damages accordingly.

## CAUSE 3

### (42 U.S.C. § 1983; 1st Amendment- Impeding Recording the Police)

37. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 36 above and incorporates the same as if set forth in full.

38. LOPEZ knew or should have known that when a person is in the act of recording the police in the performance of their duties as a protected 1st Amendment right, they are not to interfere and impede this activity.

39. During this encounter, LOPEZ seized WALLACE's phone from his handcuffed hands and intentionally and willfully turned it off and placed it on the hood of the SUV.

40. In so doing, Defendant LOPEZ violated Plaintiff's rights relating to the 1st Amendment and did so with deliberate indifference.

41. As a direct and proximate consequence of the acts of this Defendant, WALLACE has suffered and continues to suffer injury therefrom and is entitled to recover damages accordingly.

## CAUSE 4

**(42 U.S.C. § 1983; 14th Amendment Violation- Malicious Prosecution)**

42. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 41 above and incorporates the same as if set forth in full.

43. TAYLOR and LOPEZ knew or should have known that when there is insufficient probable cause to arrest and bring a charge against a person for a crime, but, even making false statements, does so anyway, that this is a malicious prosecution and in violation of the 14th Amendment rights held by said person.

44. Despite having this knowledge, TAYLOR and LOPEZ chose to maliciously prosecute WALLACE. In so doing, Defendants TAYLOR and LOPEZ violated

Plaintiff's rights relating to the 14th Amendment and did so with deliberate indifference.

45. As a direct and proximate consequence of the acts of these Defendants, WALLACE has suffered and continues to suffer injury therefrom and is entitled to recover damages accordingly.

## VI.  PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays that this honorable court find as follows:

a. That TAYLOR, HAMILTON, LOPEZ, and HARTLEY violated WALLACE's 1st amendment right to video record in public and this encounter interfering with this right detaining and arresting him and by taking plaintiff's phone/recording device as described,

b. That TAYLOR, HAMILTON, LOPEZ, and HARTLEY violated WALLACE's 4th amendment right to be free from unreasonable searches and seizures when they seized his person and his phone/recording device as described, and search his person in order to locate and seize a wallet on his person to search for a form of ID.

c. That LOPEZ violated WALLACE's 1st Amendment right when he took WALLACE's cellphone while he was videorecording the encounter.

d. That the TOMBALL allowed these employees to act in violation of the Constitution as described without consequence and with deliberate

indifference, as a standard practice. TOMBALL holds liability as this defendant has failed to ensure proper training and supervision of its police officers regarding recording activities of citizens in public places, their right to be free from unreasonable searches and seizures, and free from malicious prosecution.

Plaintiff prays for relief against Defendants, jointly and severally, as follows:

e. Enter judgment against each and every defendant individually named and find them jointly and severally liable;

f. Find that the Plaintiff is the prevailing party in this case and award attorney's fees and costs, according to federal law, as noted against all defendants TAYLOR, LOPEZ, HAMILTON, HARTLEY, and the CITY OF TOMBALL;

g. Award punitive damages against all named defendants jointly and severally in their respective individual capacities in the amount of $100,000.00;

h. Award exemplary damages against all named defendants jointly and severally in the amount of $1,000,000.00, so as prevent any similar type of deprivation of rights in the future against any other citizen similarly situated.

    i. And grant such other and further relief as appears reasonable and just, to which Plaintiff shows himself entitled.

The declaratory relief requested in this action is sought against each Defendant; against each Defendant's officers, employees, and agents; and against all persons acting in active concert or participation with any Defendant, or under any Defendant's supervision, direction, or control.

DEMAND FOR TRIAL BY JURY REQUESTED HEREIN

I, FLOYD WALLACE, DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE.

DATED this 17th day of January, 2022.  *FLW*

Floyd Wallace
829 Park Ave.
Apt. 3
Omaha, NE 68105
(531) 232-1483
Email: tim69726@gmail.com
In Proper Person